Green, J.
delivered the opinion of the court.
The execution against Fleming and two others, upon the validity of which the plaintiff's title depends, was issued the 2d day of January, 1829, bearing teste the 2d Monday of December, 182S. The judgment on which it was founded, was rendered at the March term, 1828, of the Carroll county court. Fleming, one of the defendants, died in March, 1828, subsequently to the rendition of the judgment. The execution was levied on the negro in question, and he was sold as the property of Fleming, the plaintiff becoming the purchaser.
The court, among other things not objected to, charged the jury, “that although the judgment, under which the plaintiff claimed title to the' negro, was before the death of Fleming, that as the execution issued, and was tested after his death, that it was void, and communicated no title to the purchaser under it. We are all of opinion, that the circuit judge charged the law correctly. It must be so, both upon reason and- authority. The only reason why it has ever been holden that an execution issued after the death of a parly was valid, and the sale under it good, is because, when the execution is tested at a term before the death of the party, the proceeding is regarded as against an individual m life, the execution bearing date at a time when such was the fact. But when the execution has date at a time after the death, no such presumption can arise. It is then • a proceeding against a dead man, and is wholly void. 5 Haywood Rep. 147: Salk. 319, Peck’s Rep. 72.
It is said in this case the executor waived the necessity of a scire facias.) and therefore the execution, though irregular, is not void. In the-first place it may be answered, that the executor, in ordering out the execution, acted as the attorney of the plaintiff, and not as the execr utor of Fleming. But in second place, a full answer *29 is, that the waiver of the scire facias could only he regarded as tending to give validity to a proceeding which would have been regular, had the scire facias been regularly issued and prosecuted. In that case, the execution would have issued against the executor and not against Fleming. If it might lawfully have issued against the executor, having issued against Fleming, the dead man, it is void.
Judgment affirmed.